IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON L. SCOTT,

        Plaintiff,                      No. CIV S-04-2586 LKK GGH P

     vs.

CALIFORNIA SUPREME COURT, et al.,

        Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's emergency motion filed April 29, 2005. The court construes this as a motion for injunctive relief. For the following reasons, the court recommends that the motion be denied.

        The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail in this circuit, the moving party must satisfy one of two tests. Under the first test, movant must show 1) there will be irreparable damage suffered if injunctive relief is not granted; 2) movant will probably prevail on the merits; 3) when equities are balanced, non-movant will not suffer more harm than movant is helped by the injunction; and 4) granting the injunction is in the public interest. <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-5 (9th Cir.1984). In the alternative, a preliminary injunction can be issued if the moving

1  party can show either a combination of probability of success on the merits and the possibility of
2  irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in
3  the movant's favor.  Id. at p. 675.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692,
4  700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th
5  Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point
6  being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any
7  formulation of the test, plaintiff must demonstrate that there exists a significant threat of
8  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
9  court need not reach the issue of likelihood of success on the merits.  Id.

10        In the pending motion plaintiff alleges that prison officials refused to provide him
11  with meals appropriate to his religious holidays.  This action is proceeding on the original
12  complaint filed December 6, 2004, as to one claim only: defendant Runnels violated plaintiff's
13  First Amendment rights by denying plaintiff's request for a name change.

14        As indicated above, in order to grant a preliminary injunction, the court must first
15  decide that the underlying claim has some chance of success.  Plaintiff's claim that he is not
16  being provided proper religious meals is unrelated to his claim that defendant refused his request
17  to change his name for religious reasons.  Although both claims are based on the First
18  Amendment right to religious freedom, they are distinct.  Because the motion for injunctive for
19  relief concerns issues not raised in the complaint, the motion should be denied.  If plaintiff
20  wishes to challenge the failure of prison officials to provide him with proper religious meals, he
21  must file a separate civil rights action.

22        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's April 29, 2005,
23  emergency motion, construed as a motion for a preliminary injunction, be denied.

24        These findings and recommendations are submitted to the United States District
25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
26  days after being served with these findings and recommendations, plaintiff may file written

1 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4 F.2d 1153 (9th Cir. 1991).

5 DATED:   6/10/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
sco2586.fr