1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BYRON L. SCOTT,

11               Plaintiff,               No. CIV S-04-2586 LKK GGH P

12          vs.

13   CALIFORNIA SUPREME COURT, et al.,

14               Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is defendant's motion to dismiss filed June 30, 2005.

18   Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b) for failure to exhaust

19   administrative remedies.  After carefully reviewing the record, the court recommends that

20   defendant's motion be denied.

21          This action is proceeding on the original complaint filed December 6, 2004.

22   Plaintiff alleges that defendant Warden Runnels violated his First Amendment rights by denying

23   plaintiff's request for a name change.[1]

24   /////

25   _____

26          [1] On December 20, 2004, the court dismissed the claims against defendants George,
     Scotland, Bradbury and Wagner.

                                              1

1          42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to

2    prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

3    any jail, prison, or other correctional facility until such administrative remedies as are available

4    are exhausted."  In order for California prisoners to exhaust administrative remedies, they must

5    proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a

6    CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and

7    4) third level appeal to the Director of the California Department of Corrections.  Barry v.

8    Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A

9    final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at

10   1237-38.

11         In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates

12   must exhaust administrative remedies, regardless of the relief offered through administrative

13   procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely

14   exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be

15   brought with respect to prison conditions *until* such administrative remedies as are available are

16   exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

17         The procedures by which inmates may obtain name changes are relevant to the

18   issue of whether plaintiff exhausted administrative remedies.  These procedures are contained in

19   Cal. Code Regs. tit. 15, § 3294.5 which provides, in relevant part,

20              (a) All inmate or parolee requests for a legal name change shall initially be
                reviewed by the Warden or Regional Parole Administrator who shall either
21              recommend approval for a legal name change or deny the request for a legal name
                change.
22
                (b) If the request is denied, the Warden or Regional Parole Administrator shall
23              respond to the inmate or parolee in writing with the reasons for denial.  A copy of
                the denial shall be placed in the miscellaneous section of the inmate/parolee's
24              central file.

25              (c) If the Warden finds reasons that exist to warrant an inmate's request for a
                name change, then the Warden shall forward the request to the Institutions
26              Division Regional Administrator, along with a memorandum listing the reasons

                                              2

1    for recommending approval.  A copy of the memorandum shall be placed in the
     miscellaneous section of the inmate's central file.
2
          *****
3
4    (e) If the Institutions Division Regional Administrator or the Assistant Deputy
     Director, P & CSD, agrees with the recommendation to approve the request for a
5    name change of an inmate or parolee, a letter shall be forwarded to the court
     explaining why the Department is recommending approval for a name change,
     along with the inmate/parolee's request.  A copy of the letter shall be placed in the
6    miscellaneous section of the inmate/parolee's central file.

7          *****

8    (l) If the court ordered name change is received without departmental approval,
     this clearly indicates that the inmate/parolee has not followed proper procedure to
9    legally change his/her name.  In this case, the Warden or Regional Parole
     Administrator shall notify the issuing court in writing that the name change cannot
10   legally be changed without the Director's approval pursuant to the Code of Civil
     Procedure, Section 1279.5.  A copy of the letter shall be placed in the
11   miscellaneous section of the inmate/parolee's central and a copy shall be provided
     to the inmate/parolee.
12

13          On November 5, 2003, plaintiff submitted a form entitled "Inmate Request for

14   Interview" addressed to the Warden.  Complaint, Exhibit C1.  In this request, plaintiff sought

15   permission to change his name.  Id.  On November 18, 2003, Correctional Counselor Cain

16   prepared a response to this request stating,

17          If you are changing your name legally through the court system as noted in CCR
            Title 15 3294.5(G) you may proceed.  Please note that per CCR Title 15 3294.5(I)
18          your name will remain the same on all departmental records.

19   Id.

20          On January 6, 2004, plaintiff filed an informal level administrative appeal (602)

21   requesting a name change.  Complaint, Exhibit A.  In this appeal, plaintiff stated that he had

22   submitted a request for a name change to the Warden but it was forwarded to Correctional

23   Counselor Cain.  Id.  On January 8, 2004, the appeal was returned with the notation, "In order to

24   receive a legal name change, you need to go through the court.  This is outside the jurisdiction of

25   the CDC."  Complaint, Exhibit 1A.

26   \\\\\

                                            3

1    On April 4, 2004, plaintiff submitted a petition for a name change to the Lassen

2    County Superior Court.  Complaint, Exhibit B.  On April 7, 2004, the petition was returned to

3    plaintiff with a form entitled "Notice of Return."  Complaint, Exhibit B1.  This form stated that

4    the petition was being returned for the following reasons:

5         Civil case cover sheet not date, petition box # 4 not marked, decl. on page 2 not
          dated [sic] you have a proof of service filled out by you & you cannot serve [sic]
6         you are a party to this action and secondly the judge must sign the order to show
          cause before it can be served, 3rdly a person incarcerated cannot have his name
7         change without the department of corrections approval.

8    Complaint, Exhibit B1.

9    On April 12, 2004, plaintiff alleges that he resubmitted his petition for name

10   change to the Lassen County Superior Court with the documentation indicating that his request

11   for a name change had been approved.  As evidence of this approval, plaintiff submitted his

12   November 5, 2003, "Inmate Request for Interview" form and Correctional Counselor Cain's

13   response.

14   On April 22, 2004, plaintiff received a Notice of Return from the Lassen County

15   Superior Court regarding his resubmitted petition for name change.  Complaint, Exhibit D.  This

16   time, the notice stated that plaintiff's petition was being returned for the following reason:

17        Pursuant to Section 1279.5(b) of the California Code of Civil Procedure, no
          person imprisoned in the state prison and under the jurisdiction of the Director of
18        Corrections shall be allowed to file an application for change of name pursuant to
          Section 1267 of the California Code of Civil Procedure, except as permitted at the
19        discretion of the Director of Corrections.

20   In the complaint, plaintiff alleges that he then sent a letter to the Director of the

21   California Department of Corrections seeking assistance in obtaining a name change.  On May

22   20, 2004, Frank Lopez, Facility Captain for the Institution Services Unit of the Department of

23   Corrections, sent plaintiff a letter advising that he must follow the procedures outlined in Cal.

24   Code of Regs. tit. 15, § 3294.5 for obtaining a name change.  Complaint, Exhibit F.  Mr. Lopez

25   told plaintiff to submit his request through the Warden at High Desert State Prison.  Id.

26   \\\\\

4

1          On or around July 16, 2004, plaintiff filed a habeas corpus petition with the

2  California Court of Appeal, Third Appellate District.  Complaint, Exhibit AB.  In this petition,

3  plaintiff complained that prison officials had not properly processed his requests to obtain a name

4  change.  Id.  On July 29, 2004, the Attorney General's Office filed an informal response to the

5  petition.  Complaint, Exhibit AC.  This informal response discussed plaintiff's attempts to obtain

6  a name change, as described above.  Id.  This letter also discussed the procedures by which

7  inmates may obtain name changes as described by Cal. Code Regs. tit. 15, § 3294.5.  The letter

8  concluded,

> If the Warden, Regional Administrator or Assistant Deputy Director denies the request, then the inmate is entitled to a written rejection explaining the reason for the denial.  (Id., §§ 3294.5(b) and (f).)
> Although this did not happen here, this oversight has now been corrected. Petitioner's request for a name change has been forwarded to the warden and a copy of the warden's response denying plaintiff's request is attached to this informal response.  Thus, petitioner has received all the relief that he is due pursuant to the statutes and regulations governing inmate name changes. Therefore, this petition is moot and the Court should deny petitioner his requested relief.

15  Id.

16          Attached as exhibit A to the Attorney General's informal response filed with the

17  California Court of Appeal is a memorandum dated July 26, 2004, to petitioner from defendant

18  Warden Runnels.  In this letter, defendant Warden Runnels described his reasons for denying

19  plaintiff's request for a name change.  The defendant Warden Runnels advised plaintiff that if he

20  was dissatisfied with the decision, he could utilize the inmate appeals process to address any

21  further concerns he had regarding the issue.  No party has informed this court how the California

22  Court of Appeal ruled on plaintiff's habeas corpus petition.

23          Plaintiff did not file an any administrative grievances in response to the Warden's

24  July 26, 2004, memorandum.

25          In the pending motion to dismiss, defendant argues that plaintiff did not exhaust

26  administrative procedures because he failed to file any grievances following his receipt of

1   defendant Warden Runnel's July 26, 2004, memorandum denying his request for a name change.

2   Defendant argues that in this memorandum the Warden specifically informed plaintiff that he

3   could utilize the appeals process if he did not agree with his decision.

4            In order to evaluate the pending motion, the court must analyze the responses by

5   prison officials to the various requests filed by plaintiff.  On November 5, 2003, plaintiff

6   correctly submitted a request for a name change to the Warden.  The regulations required that

7   defendant Warden Runnels respond to this request with a statement of reasons for either granting

8   or denying the request.  This did not happen.  Instead, Correctional Counselor Cain advised

9   plaintiff that if he was changing his name legally through the court system, he could proceed.

10   However, plaintiff could not proceed through the courts because he did not have a response from

11   defendant Warden Runnels, as required by the regulations.

12          Plaintiff then correctly filed an administrative appeal on January 6, 2004,

13   requesting the name change and also describing his attempt to obtain a name change from the

14   Warden, as required by § 3294.5.  In this appeal, plaintiff described Correctional Counselor

15   Cain's response to his request for a name change.  Prison officials responded to this grievance by

16   improperly advising plaintiff that he would have to go through the court to obtain a name change

17   and that the CDC had no jurisdiction over this issue.  <u>See</u> <u>Brown v. Valoff</u>, 422 F.3d 926, 935

18   (8th Cir. 2005) (no further exhaustion necessary when a prisoner is told that no remedies are

19   available).  This response did not address plaintiff's allegation that he had submitted a request for

20   a name change to the Warden that had been improperly responded to.

21            Apparently based on the response to his administrative appeal, plaintiff then filed

22   a petition for a name change in the Lassen County Superior Court, which was properly denied

23   based on plaintiff's failure to obtain approval for the change from the CDC.  The court need not

24   discuss plaintiff's further attempts to obtain a name change.

25            By filing his January 6, 2004, administrative appeal, plaintiff properly attempted

26   to exhaust the incorrect processing of his name change request addressed to defendant Warden

1  Runnels.  Had prison officials followed the regulations, plaintiff's appeal would have been

2  granted and his request forwarded to defendant Warden.  Instead, prison officials improperly

3  responded that the CDC had no jurisdiction to consider plaintiff's request.  Plaintiff then did

4  what the appeal response advised, and filed his petition for a name change in Superior Court.

5           Because prison officials did not follow their own regulations when they denied

6  plaintiff's administrative appeal, the court finds that plaintiff exhausted his administrative

7  remedies regarding this matter.  See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998),

8  cert. denied, 526 U.S. 1133, 119 S. Ct. 1809 (1999) (a prisoner's administrative remedies are

9  deemed exhausted when a valid grievance has been filed and the state's time for responding

10 thereto has expired).  Prison officials cannot effectively thwart an inmate's attempt to exhaust a

11 claim by failing to follow their own regulations and then later require him to begin the

12 exhaustion process again once they decide to follow the regulations.  Brown, supra.

13          Accordingly, IT IS HEREBY RECOMMENDED that defendant's June 30, 2005,

14 motion to dismiss be denied.

15          These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17 days after being served with these findings and recommendations, any party may file written

18 objections with the court and serve a copy on all parties.  Such a document should be captioned

19 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20 shall be served and filed within ten days after service of the objections.  The parties are advised

21 that failure to file objections within the specified time may waive the right to appeal the District

22 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED: 10/31/05

24                                              /s/ Gregory G. Hollows

25                                              _____
                                               GREGORY G. HOLLOWS
                                               UNITED STATES MAGISTRATE JUDGE

26 ggh:kj
   sc2586.dis

7