IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON L. SCOTT,

       Plaintiff,                No. CIV S-04-2586 LKK GGH P

    vs.

CALIFORNIA SUPREME COURT, et al.,

       Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a prisoner who has been denied a request to change his name. He brought suit under 42 U.S.C. § 1983 alleging a violation of the Free Exercise Clause and under the Religious Land Use and Institutionalized Persons Act (RLUIPA). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. Both parties have moved for summary judgment. On August 23, 2006, the magistrate judge recommended that plaintiff's motion be denied and that defendant's motion be granted. Upon review of the findings and recommendations, as well as plaintiff's objections to the same, the court adopts the recommendation to deny plaintiff's motion but declines to adopt the recommendation to grant defendant's motion.

        Plaintiff moved for summary judgment with respect to his First Amendment and RLUIPA claims. However, he failed to meet his initial burden of demonstrating the absence of any

1

1 | genuine issue of material fact.  Specifically, in order to establish a free exercise violation, a
2 | plaintiff must show that the conduct barred by defendant is "mandated" by his faith.  Freeman v.
3 | Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).  Plaintiff only submitted his unsworn statement,
4 | contained in his motion, regarding this issue, rather than a sworn declaration.  Moreover, the
5 | statement was ambiguous and stated that "a change of name accompanies a change in character"
6 | but did not indicate whether a name change was required in this circumstance.  Accordingly,
7 | plaintiff's motion for summary judgment is hereby DENIED.

8 |     Nevertheless, defendant did not move for summary judgment with respect to the issue of
9 | whether plaintiff's faith mandated a name change.  Rather, defendant only moved for summary
10 | judgment on grounds of mootness, which should be denied.  Merely because plaintiff failed to
11 | meet his initial burden on summary judgment of demonstrating that his faith mandated a name
12 | change does not mean that defendant would have prevailed in a cross-motion on the same issue.
13 | Accordingly, defendant's motion for summary judgment is hereby DENIED.

14 |     The case is remanded to the magistrate judge for further proceedings consistent with this
15 | order.

16 |     IT IS SO ORDERED.

17 |     DATED: September 28, 2006.

*[Signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT