1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BYRON L. SCOTT,

11              Plaintiff,                    No. CIV S-04-2586 LKK GGH P

12        vs.

13   CALIFORNIA SUPREME COURT, et al.,

14              Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for a preliminary injunction

18   filed July 5, 2007.  For the following reasons, the court recommends that this motion be denied.

19              This action is proceeding on the original complaint filed December 6, 2004.

20   Plaintiff alleges that defendant Warden Runnels violated his First Amendment rights and

21   RLUIPA by denying his request to change his name.

22   Legal Standard for Preliminary Injunctive Relief

23              The legal principles applicable to a request for preliminary injunctive relief are

24   well established.  To prevail in this circuit, the moving party must satisfy one of two tests.  Under

25   the first test, movant must show 1) there will be irreparable damage suffered if injunctive relief is

26   not granted; 2) movant will probably prevail on the merits; 3) when equities are balanced, non-

1

1  movant will not suffer more harm than movant is helped by the injunction;  and 4) granting the

2  injunction is in the public interest.   Martin v. International Olympic Committee, 740 F.2d 670,

3  674-5 (9th Cir.1984).  In the alternative, a preliminary injunction can be issued if the moving

4  party can show either a combination of probability of success on the merits and the possibility of

5  irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in

6  the movant's favor.  Id. at p. 675.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692,

7  700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th

8  Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point

9  being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any

10  formulation of the test, plaintiff must demonstrate that there exists a significant threat of

11  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

12  court need not reach the issue of likelihood of success on the merits.  Id.

13          In the last part of the alternative test, even should the balance of hardships tip

14  decidedly in the movant's favor, the moving party must show "as an irreducible minimum that

15  there is a fair chance of success on the merits."  Martin v. International Olympic Committee, 740

16  F.2d at 675.

17          In cases brought by prisoners involving conditions of confinement, any

18  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

19  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

20  correct the harm."  18 U.S.C. § 3626(a)(2).

21  Discussion

22          In the pending motion, plaintiff argues that he has recently been denied access to

23  religious services as well as to religious items he purchased from approved vendors.  Plaintiff

24  also alleges that he has been denied a vegetarian meal, which is mandated by his religion.

25  Plaintiff also claims that his mail, both personal and legal, has been censored.  None of the

26  instances of alleged censorship concern the instant action.

1    As stated above, in order to succeed on a claim for injunctive relief, plaintiff must

2  demonstrate a likelihood of success on the merits.  Because the claims raised in the pending

3  motion concerns matters unrelated in part to those raised in the complaint, the court finds that

4  plaintiff has not demonstrated a likelihood of success on the merits of this action.  If plaintiff

5  believes that his right to practice his religion has been violated in the ways alleged in the pending

6  motion, he should file a new civil rights action.

7    With respect to those assertions which may relate to claims in this action, the

8  undersigned notes that this action has been pending for nearly three years, and motions for

9  summary judgment are currently pending.  The court will not accelerate adjudication of the

10  motions out of their ordinary priority simply because plaintiff has coupled his cross-motion for

11  summary judgment with a very belated motion for preliminary injunctive relief.

12    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for

13  injunctive relief filed July 5, 2007, be denied.

14    These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16  days after being served with these findings and recommendations, plaintiff may file written

17  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

19  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

20  F.2d 1153 (9th Cir. 1991).

21  DATED: 8/13/07                                      /s/ Gregory G. Hollows

22                                                      GREGORY G. HOLLOWS
                                                        UNITED STATES MAGISTRATE JUDGE
23
    sc2586.inj
24

25

26

3