IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON L. SCOTT,

        Plaintiff,                        No. CIV S-04-2586 LKK GGH P

   vs.

CALIFORNIA SUPREME COURT, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Warden Runnels violated the First Amendment and the Religious Land Use and Institutionalized Persons Act by denying his request to change his name.

        Pending before the court are three motions to compel filed by plaintiff on May 9, 2007, and May 10, 2007. Also pending is plaintiff's motion for sanctions filed June 18, 2007. For the following reasons, these motions are denied.

        The motions to compel filed May 9, 2007, concern defendant's response to two requests for production of documents. Plaintiff requests that defendant be ordered to provide him with a complete copy of his central file as well as copies of all rules, regulations and policy directives of the California Department of Corrections and Rehabilitation (CDCR) and High

1

1 Desert State Prison (HDSP).  Defendant objected to these requests on grounds that they were
2 overly broad and that, with respect to plaintiff's central file, the information sought was equally
3 available to plaintiff.
4     Defendant's objections are meritorious.  Not every document in plaintiff's central
5 file and not every regulation of the CDCR and HDSP are relevant to this action.  Defendant is
6 correct that plaintiff has access to his central file.  Accordingly, the motion to compel as to these
7 requests is denied.
8     Defendant also argues that these motions should be denied because plaintiff failed
9 to meet and confer before filing them.  The February 27, 2006, discovery order provides that
10 Local Rule 37-251 does not apply.  Pursuant to this order, plaintiff was not required to meet and
11 confer before filing his motions.
12     The motion to compel filed May 19, 2007, seeks to compel defendant to answer a
13 second set of interrogatories.  Defendant objected that he had already responded to 25
14 interrogatories.  See Defendant's Opposition, Exhibit A.  Fed. R. Civ. P. 33(a) provides that any
15 party may serve upon any other part written interrogatories, not exceeding 25.
16     Plaintiff argues that defendant answered his first set of interrogatories before the
17 court denied the cross-motions for summary judgment and issued the scheduling order on
18 February 15, 2007.  While this is true, plaintiff was still required to seek court permission before
19 exceeding the 25 interrogatory limit.  For these reasons, this motion to compel is denied.
20     On June 18, 2007, plaintiff filed a motion for sanctions.  Plaintiff argues that
21 defendant should be sanctioned based on his discovery responses.  Because the motions to
22 compel are denied, the motion for sanctions is denied.
23     On June 29, 2007, defendant filed a summary judgment motion.  Because the
24 motions to compel were outstanding, the court will grant plaintiff an extension of time to file his
25 opposition.
26 /////

1       Accordingly, IT IS HEREBY ORDERED that:

2       1. Plaintiff's motions to compel filed May 9, 2007 (court file docs. nos. 77, 78),
3    and May 10, 2007 (court file doc. no. 79), are denied;

4       2. Plaintiff's motion for sanctions filed June 18, 2007 (court file doc. no. 82) is
5    denied;

6       3. Plaintiff is granted thirty days from the date of this order to file an opposition
7    to defendant's summary judgment motion filed June 28, 2007.

8    DATED: 10/12/07

                                            /s/ Gregory G. Hollows
                                         _____
                                         UNITED STATES MAGISTRATE JUDGE

sc2586.com