IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON SCOTT,

     Plaintiff,                    No. CIV S-04-2586 LKK GGH P

    vs.

CALIFORNIA SUPREME COURT, et al.,

     Defendants.                <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On December 20, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de</u> <u>novo</u> review of this case.

        The findings and recommendations stated that "[t]o establish a violation of the free exercise clause, plaintiff must demonstrate a 'substantial burden on the observation of a central belief or practice.'" F&R at 5 (quoting <u>Hernandez v. Commissioner of Internal Revenue</u>, 490

1

U.S. 680 (1989)).  Several Ninth Circuit cases, relying on Hernandez, affirmed this objective centrality test.  See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) ("the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine") (internal quotation marks omitted); Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir. 1995) (same).

After the findings and recommendations were issued, however, the Ninth Circuit disavowed the objective centrality test.  See Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008) (abrogating Freeman and Bryant).  The court recognized that its earlier line of cases ran afoul of the Supreme Court's cautionary warning that "[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith."  Hernandez v. C.I.R., 490 U.S. 680, 699 (1989).  "It is no more appropriate for judges to determine the 'centrality' of religious beliefs before applying a 'compelling interest' test in the free exercise field, than it would be for them to determine the 'importance' of ideas before applying the 'compelling interest' test in the free speech field."  Employment Division v. Smith, 494 U.S. 872, 876-77 (1990).  Instead, the relevant inquiry is whether the belief at issue is "sincerely held" and "rooted in religious belief." Shakur, 514 F.3d at 884.

In light of Shakur, the contradiction between plaintiff's declaration and his deposition regarding whether a name change is mandated by his religion no longer presents a material issue. Compare Scott Decl.¶ 1 (stating that a name change is "mandated by his faith") with Scott Dep. 59:16 ("It's not a mandatory thing.").  Even if not mandatory, plaintiff maintains that the inability to change his name "would burden his spiritual/religious opportunity to Eternal Life in Yahweh's Kingdom through and by his Pastor, by taking on Pastor's name."  Scott Decl. ¶ 14. This is sufficient to indicate that he has a sincerely held belief that name changes are "consistent" with his faith.  See Shakur, 514 F.3d at 885 (holding that district court "impermissibly focused on whether 'consuming Halal meat is required of Muslims as a central tenet of Islam,' rather than on whether Shakur sincerely believes eating kosher meat is consistent with his faith.").

1     Given this holding, the court must now consider whether the defendant prison official's
2 decision to deny plaintiff's request is reasonably related to legitimate penological interests,
3 Turner v. Safley, 482 U.S. 78, 89-90 (1987) (four factor test), and whether the defendant is
4 entitled to qualified immunity, Saucier v. Katz, 533 U.S. 194, 201 (2001) (two step inquiry).
5 Because these issues were not originally addressed, the court REFERS the matter back to the
6 magistrate for further findings and recommendations.

7     IT IS SO ORDERED.

8     DATED: March 11, 2008.

```
                              /s/ Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```