IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON SCOTT,

      Plaintiff,                    No. CIV S-04-2586 LKK GGH P

   vs.

CALIFORNIA SUPREME COURT, et al.,

      Defendants.              <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The only defendant in this action is former High Desert State Prison (HDSP) Warden Runnels. Plaintiff alleges that defendant Runnels violated his First Amendment right to practice his religion.

       Pending before the court is plaintiff's January 24, 2008, motion for a preliminary injunction. Plaintiff, who is now housed at Calipatria State Prison, alleges that he has not received adequate law library access. Plaintiff seeks an order requiring prison officials to grant him law library access once per week until this action is over and directing prison officials to open vacant law libraries. Plaintiff also seeks an order by the court holding prison officials in contempt for violating an order issued in <u>Wilson v. Yaklich</u>, 148 F.3d 596 (6th Cir. 1998) regarding prisoner law library access.

The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive" motions).

Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by § 636(b)(1)(B). See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period of non-compliance with discovery orders to ensure compliance). It is only when the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an action that orders under § 636(b)(1)(A) are precluded. See, e.g., Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992).

In the instant case, plaintiff's request does not go the merits of plaintiff's action. Accordingly, this matter may be handled by court order.

This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). For this reason, the court cannot order prison officials at Calipatria State Prison to grant plaintiff additional law library access.

Were the court to find that plaintiff was unable to prosecute this action due to inadequate law library access, it would consider application of the All Writs Act, 28 U.S.C. § 1651(a). However, plaintiff has not demonstrated that his ability to litigate this action has been so impeded that he cannot effectively prosecute this case.

/////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's January 24, 2008,
2 motion for a preliminary injunction, construed as a motion for a protective order, is denied.
3 DATED: 04/16/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

sc2586.po